# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**REV. WILLIE CHARLES HILL, JR.,**

    Plaintiff,

VS.                                    Case No. 4:16cv279-RH/CAS

**JUDGE ANGELA DEMPSEY,**

    Defendant.

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff initiated this case on May 12, 2016, by filing a complaint, ECF No. 1, and a motion to proceed in forma pauperis, ECF No. 2. Plaintiff is proceeding pro se in this case which appear to be filed on behalf of his son. *See* ECF No. 1.

Good cause having been shown, the in forma pauperis motion, ECF No. 2, is granted. The Clerk shall file the complaint without requiring payment of the filing fee.

Just a few days after initiating this case, Plaintiff filed a document which is construed as a motion for injunctive relief. ECF No. 4. Plaintiff requests this Court enter an order directing that Charles R. Hill (a person

who is not the Plaintiff) be released from the Leon County Jail, be reimbursed for last wages and compensated for pain and suffering. *Id.* Plaintiff also requests that this Court remove State Court Judge Angela Dempsey from the bench and order Judge Dempsey to obtain professional counseling of an unspecified nature. ECF No. 4. This Court is unable to provide the relief requested in this motion.

Plaintiff's complaint, ECF No. 1, asserts that the attorney representing Plaintiff's son has filed two motions requesting Plaintiff's son be released from jail and his bond reinstated. Attached to the complaint is a motion to reinstate bond, advising that the Defendant did not receive the Notice advising of the final docket sounding on April 28, 2016. ECF No. 1 at 4. Also attached is a motion for reconsideration advising that the State agreed that the matter should be set for a hearing and requesting reconsideration of the motion to reinstate bond. *Id.* at 7.

The complaint asserts that Judge Dempsey violated the due process rights of Plaintiff's son. Plaintiff requests this Court move swiftly to grant relief because Plaintiff's son has two kids and a job and has suffered an injustice. ECF No. 1 at 2. As relief, Plaintiff requests that his son "be freed [from] jail and" paid for time missed from work. *Id.* at 3.

There are numerous reasons why this case cannot proceed, swiftly or otherwise.  First, this case was filed as a civil rights action, but the relief sought (release from jail) may only be provided through the filing of a petition for writ of habeas corpus.  Release from detention is not available in a civil rights case.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release . . . ."  <u>Heck v. Humphrey</u>, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994).  Thus, the claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action, and this case should be dismissed.

Second, Plaintiff has brought this case on behalf of his son.  Under 28 U.S.C. § 1654, a party in federal court has the right to appear pro se, to "plead and conduct their own cases personally or by counsel."  <u>Franklin v. Garden State Life Ins.</u>, 462 F.App'x 928, 930 (11th Cir. 2012) (quoting 28 U.S.C. § 1654 and holding that Franklin, as a non-lawyer, could not proceed pro se on behalf of an estate, even though she was administratrix of the estate).  "The right to appear pro se, however, is limited to those parties conducting 'their own cases' and does not apply to persons

representing the interests of others." Franklin, 462 F.App'x at 930 (citing Devine v. Indian River Cnty. Sch. Bd., 121 F.3d 576, 581 (11th Cir. 1997), overruled in part on other grounds, Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 127 S.Ct. 1994, 2006-07, 167 L.Ed.2d 904 (2007)). Although Federal Rule of Civil Procedure 17(c) "permits authorized representatives, including parents, to sue on behalf of minors, [it] does not confer any right upon such representatives to serve as legal counsel." Devine, 121 F.3d at 581. In other words, while the Rules of Civil Procedure permit "an infant or incompetent person who does not have a duly appointed representative" to "sue by a next friend," that capacity is a separate and distinct consideration from whether one has the "ability to proceed pro se in civil actions in federal court on [another person's] behalf." Bar-Navon v. Sch. Bd. of Brevard Cnty., No. 6:06cv1434, 2006 U.S. Dist. LEXIS 78408, at *4-5 (M.D. Fla. Oct. 27, 2006) (citing Devine, 121 F.3d at 581). "An individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" Bar-Navon, 2006 U.S. Dist. LEXIS 78408, at *5 (citations omitted). Doing so ensures that a party is not deprived of his day in court. Id. at *7.

Because the complaint does not allege that Willie Hill is an attorney, he cannot bring this case on behalf of his son, Charles Hill. Additionally, because this civil rights case is requesting relief that may be provided only in habeas corpus, this case should be summarily dismissed.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **GRANTED**.

# RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and the motion for injunctive relief, ECF No. 4, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 16, 2016.

   s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific**

Case No. 4:16cv279-RH/CAS

**objections limits the scope of review of proposed factual findings and recommendations.**